**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIDNEY NAIMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIG THINK CAPITAL INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Sidney Naiman, individually and on behalf of all others similarly situated, alleges the following against Big Think Capital Inc. ("Big Think Capital" or "Defendant").

**NATURE OF ACTION**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers," *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms," *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an

abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or injunctive relief. *Id.* . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Big Think Capital is a lending and financing company.

4. Big Think Capital made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

5. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff bring this action on behalf of two proposed nationwide Class of similarly situated persons.

6. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

7. Plaintiff files this lawsuit seeking injunctive relief, requiring Big Think Capital to cease placing unsolicited calls to numbers on the National Do Not Call Registry and on its internal do not call list, as well as an award of statutory damages and costs to Class members.

## PARTIES

8. Plaintiff Sidney Naiman is an individual.

9. Defendant Big Think Capital Inc. is a corporation with its principal place of business located at 225 Broadhollow Rd., Melville, NY 11747.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

11. This Court has personal jurisdiction over Big Think Capital because it resides in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, namely the telemarketing calls to the Plaintiff were made from this District.

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA prohibits the making of more than one call within any 12-month period to a residential telephone number not used for business that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

15. The National Do Not Call Registry allows consumers to register their residential telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to people who have registered their residential numbers on the Registry and provide a private right of action against any entity that makes those calls or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

A. **Factual Allegations Regarding Big Think Capital**

18. Big Think Capital is a company that offers financing services.[1]

19. To generate business and market its products and services, Big Think Capital relies on telemarketing.

20. Recipients of these telemarketing calls, including Plaintiff, did not consent to receive such calls.

21. Those telemarketing calls violate the TCPA when they are made to residential numbers belonging to consumers on the National Do Not Call Registry.

B. **Factual Allegations Regarding Plaintiff**

22. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23. Plaintiff's cellular telephone number, (XXX) XXX-4991, is a non-commercial telephone number not associated with any business.

24. Plaintiff's cellular telephone number, (XXX) XXX-4991, is used for personal residential purposes.

25. Plaintiff's telephone number, (XXX) XXX-4991, has been listed on the National Do Not Call Registry since 2007.

26. Plaintiff has never been a Big Think Capital customer and never consented to receive calls from Big Think Capital.

27. Plaintiff received two unsolicited telemarketing calls from Big Think Capital on his cellular telephone, (XXX) XXX-4991, on August 15, 2019 and August 21, 2019.

28. Both calls were from the Caller ID number (516) 453-0007.

---

[1] *See* https://bigthinkcapital.com/ (Last Visited May 2, 2022)

29. NoMoRobo, which won the FTC's competition for tracking robocalls, has reported that call back number as a "robocaller". https://www.nomorobo.com/lookup/516-453-0007. (Last Visited May 2, 2022).

30. Indeed, other individuals have complained about receiving telemarketing calls from that number as well. *See* https://800notes.com/Phone.aspx/1-516-453-0007 (Last Visited May 2, 2022).

31. Those complaints included unwanted telemarketing calls: "This number is trying to get you to take business capitol at high interest rates. They constantly harass you even after you say no multiple times and request to be taken off their lists." *Id.*

32. The Plaintiff did not recognize the number calling on August 15, 2019 and after receiving the call he did not answer it.

33. However, the calls continued.

34. The Plaintiff then answered the August 21, 2019 call.

35. On the call, the Plaintiff answered and there was no one on the other line.

36. The Plaintiff then heard a distinct click and pause prior to a person being connected.

37. This is indicative of the fact that *en masse* calling was occurring because Big Think uses automated dialing equipment to make calls.

38. On the August 21, 2019 call the Plaintiff spoke with a "Philip Jones", who said he worked for the Defendant.

39. Mr. Jones then asked the Plaintiff a series of questions regarding the potential need for loans and financing.

40. This includes questions about the Plaintiff's credit score and financing needs.

41. To confirm the solicitation, another employee of Big Think Capital sent the Plaintiff an e-mail.

42. Each of the above-described calls occurred after Plaintiff had registered his residential telephone number with the National Do Not Call Registry.

43. Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3).

46. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

48. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49. This Class Action Complaint seeks injunctive relief and money damages.

50. The Class, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

51. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

52. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

55. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

   a. whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b. whether Defendant recorded or honored any prior express written consent; and

   c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

57. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

58. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel defendants to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

60. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

61. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

62. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

63. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry for more than 31 days prior to the first call.

64. Defendant's violations were negligent, willful, or knowing.

65. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of $500 in damages for each and every call made and up to $1,500 in damages for each call deemed to be a "willful or knowing" violation.

66. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the National Do Not Call Registry Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

9

  E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

  F. An award to Plaintiff and the Class of damages, as allowed by law; and

  G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of May, 2022.

        Respectfully submitted,

        */s/ Anthony Paronich*
        PARONICH LAW, P.C.
        Anthony I. Paronich
        350 Lincoln St., Suite 2400
        Hingham, MA 02043
        617-485-0018
        anthony@paronichlaw.com
        *Pro Hac Vice*

        *Attorneys for Plaintiff and proposed class*