# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

August 19, 2023

**VIA ECF**

Honorable James M. Wicks
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    **Naiman v. Big Think Capital Inc.**
                **Civil Action No. 2:22-cv-2531**

Dear Judge Wicks:

      Our firm represents the plaintiff in the above-referenced matter and this letter is being sent pursuant to this Court's Rules 3(A) to file a motion to compel Big Think Capital, Inc. to produce discovery responses. Notably, the Plaintiff is seeking production of discovery that Big Think *did not* object to. The response was provided *nearly a year ago*, but the production has not been made. Pursuant to L.R. 37.1, the request and response are below:

      12.  Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors:
              a) the date and time;
              b) the caller ID;
              c) any recorded message used;
              d) the result, including the meaning of any disposition codes necessary to interpret the result;
              e) identifying information for the recipient; and
              f) any other information stored by the call detail records.
      **RESPONSE: The Defendant is undergoing efforts to obtain third-party data that may be able to better response to this demand.**

*See* Exhibit 1. However, the defendant's reference to third party information in the response did not include all of their outbound telemarketing calls. Indeed, the Defendant's deposition made clear that they *do* have records of their outbound calls:

August 19, 2023
Page 2

> Q Do you have records of those outbound calls that are made through the new CRM?
> A Everything is logged through the CRM.
> Q And are you aware if you made a production in this case of those outbound calls?
> A I'm not aware…
> Q And so, would you agree with me that the request asks to please produce all documents containing any of the following information for each outbound telemarketing calls sent by you or your vendors?
> A Yes.
> Q And would you agree with me that it then lists a number of criteria that is requested in the production.
> A Yes.
> Q Would you also agree with me that the current CRM system for Big Think Capital does have records of outbound telemarketing calls made?
> A Yes

See Exhibit 2 at 26-29:24-2. These records should be produced.

Requesting a list of persons that were the recipients of telemarketing calls is a standard practice in TCPA class litigation. "[A] list of phone numbers may very well bear direct relevance to a violation of the TCPA concerning the dialing of the very phone numbers listed." *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *4 (S.D. Cal. July 15, 2013) (ordering the production of a "dial list" consisting of everyone in the plaintiff's proposed class). Such information is relevant because it speaks to issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, ascertainability, commonality, and predominance.

For these reasons, production of a call list and call is routinely ordered in courts across the country. *See, e.g., Warren v. Credit Pros Int'l Corp.,* No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, at *21 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members, because Defendant has not moved to bifurcate class and merits discovery and such information is relevant both to the merits of Plaintiff's claims and to the numerosity and commonality requirements in Rule 23, Fed.R.Civ.P."); *O'Shea v. Am. Solar Sol., Inc.,* No. 14CV894-L (RBB), 2016 WL 701215 (S.D. Cal. Feb. 18, 2016) (granting plaintiff's request for outbound dial list because the "information is relevant to both class certification and to the merits of the case"); *Cahill v. GC Servs. Ltd. P'ship*, No. 317CV01308GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) (compelling production of call list); *Gossett v. CMRE Fin. Servs.,* Case No. 15cv803 MMA (NLS), 2015 WL 6736883, at *3 (S.D. Cal. Oct. 30, 2015) (granting a motion to compel responses to requests for production of outbound call lists, as such lists were "relevant to the class claims and meritorious

claims and defenses in this case"); *see also, e.g.*, *Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 U.S. Dist. LEXIS 157579 at *8-*12 (N.D. Ill. June 13, 2011) (granting plaintiffs' requests for a call list); *Donnelly v. NCO Fin. Sys., Inc.,* 263 F.R.D. 500, 503-504 (N.D. Ill. 2009) (Nolan, J.) (granting plaintiffs' request for defendant's call logs); *Whiteamire Clinic, P.A. v. Quill Corp.*, 2013 WL 5348377, at *2 (N.D. Ill. 2013) (granting plaintiff's request for call list; "the information plaintiff seeks…is clearly relevant to class discovery; specifically to the issues of numerosity, commonality, and typicality").

      For the Plaintiff to identify putative class members that may have a claim, he needs to obtain the call records, which will include all the recipients of those calls, at which point an expert analysis can be performed to identify class members.  As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014).  Here, like *Mey*, the Plaintiff's expert will determine which calls qualify for membership in the class in order to prepare this case for class certification.

      Pursuant to LR 37.3, the parties have made continued efforts to resolve this dispute prior to judicial intervention, including multiple telephone calls and correspondence. Indeed, counsel for the Defendant conceded the impasse last week when he recognized that if the information was not provided to Plaintiff by August 18, 2023, then counsel for the Plaintiff should "make your motion". *See* Exhibit 3. It was not.

      Thank you to the Court for its consideration of our submission and please feel free to contact us if there are any questions.

Respectfully Submitted,

*/s/ Anthony I. Paronich*

cc:  All Counsel of Record (Via ECF)