IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDNEY NAIMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIG THINK CAPITAL INC.<br><br>Defendant. | Case No. 22-cv-2531 |

Defendant, by and through their attorneys, Schwartz Ettenger, PLLC, as and for their Answer to Plaintiff's Interrogatories states as follows:

## RESPONSES TO INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

   **ANSWER:** Dave Brown, President

2. Identify all vendors involved in making outbound telemarketing calls promoting your goods and services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make those calls.

   **ANSWER:**

   1) Simple text. Address is 1815 Purdy Avenue, Miami Beach, FL 33139;
   2) Nextva. 8800 East Chaparral Road, Scottsdale, AZ 85250;
   3) Tu Work. CLLE 6A#3-32. Provincia de Cartegana, Bolivar, Colombia;
   4) Mr. Johny Rodriguez, Imerchant Systems, 1130 Foothill Boulevard, Unit 20, Sylmar, CA 91342

1

3. Identify and describe the work of each vendor identified in response to Interrogatory No. 2.

**ANSWER**: **Generally, these vendors would send text messages and make phone calls to prospective clients that completed applications with Defendant.**

4. Identify all third parties or sub-vendors used by each vendor identified in Response to Interrogatory No. 2 for your benefit.

**ANSWER**: **See response to Interrogatory No. 2.**

5. Identify each individual from Defendant or any of your vendors identified in response to Interrogatory No. 2 that contacted or spoke with Plaintiff.

**ANSWER**: **The Defendant is unable to identify the specific person or persons responsive to this demand. Upon receipt of third-party data that Defendant is seeking information from, Defendant may be able to better respond to same.**

6. Identify all employees involved in making outbound telemarketing calls promoting your goods and services. This includes, but is not limited to the individuals who make telemarketing calls to generate leads.

**ANSWER**: **The Defendant is unable to identify the specific person or persons responsive to this demand. Upon receipt of third-party data that Defendant is seeking information from Defendant may be able to better respond to same.**

7. Identify and describe the work of each employee identified in response to Interrogatory No. 6.

2

**ANSWER**: **The Defendant is unable to identify the specific person or persons responsive to this demand. Upon receipt of third-party data that Defendant is seeking information from Defendant may be able to better respond to same.**

8. Identify each individual from Defendant or any of your employees identified in response to Interrogatory No. 6 that contacted or spoke with Plaintiff.

**ANSWER**: **The Defendant is unable to identify the specific person or persons responsive to this demand. Upon receipt of third-party data that Defendant is seeking information from Defendant may be able to better respond to same.**

9. If you contend that Plaintiff provided consent to receive telemarketing calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER**: **The Defendant does not receive or purchase any list of prospective clients. Any party that they contact has previously completed an application with the Company based on a marketing campaign. We are undergoing a search with third-parties as to exactly how Plaintiff completed the initial application.**

10. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, to contact the Plaintiff.

**ANSWER: See response to Paragraph 2 above.**

11. State all facts in support of any affirmative defenses you have raised.

**ANSWER**: **The Defendant will supplemental this response with additional**

3

information.

12. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls using a recorded message to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER: None.**

13. In response to which (if any) requests for production in this case have you produced no responsive documents?

**ANSWER: The Defendant objects to this interrogatory as improper.**

## DOCUMENT RESPONSE

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE: The Defendant objects to this demand as it is overbroad and vague.**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE: The Defendant objects to this demand as it is overbroad and vague.**

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls

4

made to Plaintiff.

**RESPONSE: The Defendant is undergoing efforts to obtain third-party data that may be able to better respond to this demand.**

4. Please produce all documents relating to any failure by you, or a vendor, to abide by your policies relating to the sending of outbound calls.

**RESPONSE: The Defendant is undergoing efforts to obtain third-party data that may be able to better respond to this demand.**

5. Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.

**RESPONSE: The Defendant is not in possession of any documents responsive to this demand.**

6. Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE: The Defendant is not in possession of any documents responsive to this demand.**

7. All contracts or documents representing agreements with any vendors that

contacted putative class members but not the Plaintiff.

**RESPONSE: See documents bate stamped DEF 001-0013 responsive to this demand.**

8. All communications with any vendors that contacted putative class members but not the Plaintiff regarding outbound calling.

**RESPONSE: The Defendant is undergoing efforts to obtain third-party data that may be able to better respond to this demand.**

9. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE: The Defendant is not in possession of any documents responsive to this demand.**

10. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE: The Defendant is not in possession of any documents responsive to this demand.**

11. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each

policy was in force. This request specifically includes, but is not limited to, policies related to the following:

    a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

    b) obtaining or verifying prior express consent;

    c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE: See documents bate stamped DEF 001-0013 responsive to this demand.**

12. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors:

    a) the date and time;

    b) the caller ID;

    c) any recorded message used;

    d) the result, including the meaning of any disposition codes necessary to interpret the result;

    e) identifying information for the recipient; and

    f) any other information stored by the call detail records.

**RESPONSE: The Defendant is undergoing efforts to obtain third-party data that may be able to better respond to this demand.**

13. All communications with any third party concerning this litigation.

**RESPONSE: The Defendant is not in possession of any documents responsive to this demand.**

14. To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE: The Defendant is undergoing efforts to obtain third-party data that may be able to better respond to this demand.**

15. For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE: The Defendant objects to this demand as it is ambiguous.**

Dated: Melville, New York
September 28, 2022

JEFFREY S. ETTENGER, ESQ.
SCHWARTZ ETTENGER, PLLC
*Attorneys for Defendant*
445 Broad Hollow Road, Suite 205
Melville, New York 11747
(631) 777-2401
Jse@selawny.com

To: ANTHONY PARONICH, ESQ.
PARONICH LAW, P.C.
*Attorneys for Plaintiff*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com