

**Schwartz Ettenger, PLLC**
Experience you need. Results you want.

631-777-2401   Fax: 631-777-2402
445 Broad Hollow Road, Suite 205, Melville, NY 11747

August 25, 2023

*VIA ECF*
Magistrate Judge James M. Wicks
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Naiman v. Big Think Capital*
      Case No.: 22-cv-02531

Dear Judge Wicks:

Please be advised that our office represents the Defendant, Big Think Capital, Inc. ("Big Think"), regarding the above-noted matter. We write in response to Plaintiff's motion to compel letter dated August 19, 2023. For the foregoing reasons, we believe that the request is not proper.

It is critical to the Court's analysis that it understands what Big Think does and how their data is captured and stored. Big Think engages in various aggressive promotions to seek new clients for its service. It does not have any database of phone numbers or addresses and does not call prospective clients randomly. They are not telemarketers. Once a prospective client contacts Big Think, the company engages in a marketing campaign of telephone calls and texts to seek the business. When the party advises they are no longer interested in the service, the marketing campaign ceases.

Prior to November 2021, Big Think engaged a third-party named IMerchant to capture its data. This included all applications, telephone calls and texts. In essence, a history of the account and all communications to and from the client. In November 2021, IMerchant ceased operations and its principal Johnny Rodriguez moved to California. Big Think was not able to secure its own data after he exited, and has since been attempting to do so. Mr. Rodriguez has ignored letters and subpoenas for the records. He has evaded a California lawsuit to secure the data. We presently have an investigator attempting to locate him, as he again moved. We appreciate that this case has to move forward, and the Court has a docket that cannot be stalled, but this data is critical to our defense and quite frankly any claim made by Plaintiff individually or as a class action. We would be happy to provide an affidavit from our California counsel or investigator to detail their efforts.

Thus, we cannot provide Plaintiff data that we simply do not have. And prior to November 2021 we simply do not have it.

This lawsuit was commenced in June 2022. From November 2021 to June 2022, Big Think employed a company by the name of Centrix to house its data. We do not believe that any data after the lawsuit was filed would be appropriate to exchange. As detailed below, we do not believe

Magistrate Judge James M. Wicks
Eastern District of New York
United States Courthouse
August 25, 2023
Page 2

that the data is relevant to this claim, but if the Court orders such, we could and should only provide data from November 2021 to June 2022.

    We also generally do not believe that this data is relevant to this case. Again, the only time Big Think contacts a potential client is when the person contacts them first. Even if someone is on a Do Not Call List, if they contact the Merchant first, the Do Not Call Listing is irrelevant. Thus, there is no actual class of claimants in which to seek. Again, if the Court decides it is appropriate, the data that Big Think does have will show how their process works. This is simply not the case that Plaintiff believes it is.

    It is noteworthy that Plaintiff's testimony was evasive and inconsistent. He has been involved in multiple lawsuits in several jurisdictions, but could not recall any of the cases he was involved in, and flat out denied any recollection of any settlement or monies he received. He could not even recall which phone number, from the several phones he owned, that he was contacted from by Big Think. In fact, he denied even reading the Complaint before it was served. We state this because it is clear that his claim generally lacks credibility and he is simply an individual seeking to take advantage of this statute and gain economic benefit from companies running credible businesses.

    Again, our client can only provide the data it has, and is making all efforts to secure the relevant data. We look forward to the Court's position and further discussions.

                                                                  Very truly yours,

                                                                  Jeffrey S. Ettenger