UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SIDNEY NAIMAN, on behalf of himself and
all others similarly situated,

                    Plaintiff,                                          **ORDER**

                                                                        22-CV-2531 (JMW)

            *-against-*

BIG THINK CAPITAL INC.,

                    Defendant.
---------------------------------------------------------------X
**A P P E A R A N C E S:**

Anthony Paronich, Esq.
**Paronich Law, P.C.**
350 Lincoln Street, Ste 2400
Hingham, MA 02043
*Attorney for Plaintiff*

Allison Beth Duffie, Esq.
**Duffie Law, PLLC**
2234 North Federal Highway, Ste 1196
Boca Raton, FL 33431
*Attorney for Plaintiff*

Jeffrey S. Ettenger, Esq.
**Schwartz Ettenger, PLLC**
445 Broadhollow Road, Ste 205
Melville, NY 11747
*Attorney for Defendant*


**WICKS,** Magistrate Judge:

        Plaintiff filed this proposed putative class action alleging violations of the Telephone

Consumer Protection Act. (*See generally* ECF No. 1.) The TCPA bars companies from making

calls using automatic telephone dialing systems or using an artificial or pre-recorded voice to cell

numbers. *See* 47 U.S.C. § 227 *et seq.* The TCPA also prohibits anyone from making more than

one call per year to any residential non-business telephone number that is registered on the National Do Not Call Registry. *Id.* Plaintiff, *inter alia*, alleges that despite being on the National Do Not Call Registry since 2007, he received two unsolicited telemarketing calls from Defendant on August 15, and August 21, 2019. (ECF No. 1 ¶¶ 25–28.) These calls came from a phone number that a website which tracks robocalls has reported as a "robocaller" number. (*Id.* ¶ 29.) Plaintiff seeks, *inter* alia, injunctive relief, requiring Defendant to cease placing unsolicited calls to numbers on the National Do Not Call Registry and on its internal do not call list, as well as statutory damages and costs. (ECF No. 1 ¶ 7.)

Before the Court now is Plaintiff's motion to compel (ECF No. 27) documents responsive to its request for production No. 12 ("RFP 12"), which seeks information regarding outbound telemarking calls made by Defendant. Defendant opposes. (ECF No. 28.) For the reasons stated herein, Plaintiff's motion to compel (ECF No. 27) is granted.

## I.  MOTION TO COMPEL LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition."

*Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").  To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses.  *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'"  *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017).  "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case."  *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).  Proportionality goes "hand-in-hand" with relevance.  *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).  That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate.  *Id.*

It is beyond peradventure that "[m]otions to compel are left to the court's sound discretion."  *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").  It is with these guideposts in mind that the Court considers the present motion.

## II.   <u>DISCUSSION</u>

Plaintiff seeks documents responsive to RFP 12.  Plaintiff served his requests for

production, and Defendant served a response (with no specific objections) on September 28,

2022.  (ECF No. 27-1 at 8.)  RFP 12 and Defendant's response state as follows:

> Please produce all documents containing any of the following information
> for each outbound telemarketing call sent by you or your vendors:
>
>> a) the date and time;
>> b) the caller ID;
>> c) any recorded message used;
>> d) the result, including the meaning of any disposition codes necessary to
>> interpret the result;
>> e) identifying information for the recipient; and
>> f) any other information stored by the call detail records.
>
> **RESPONSE:** The Defendant is undergoing efforts to obtain third-party
> data that may be able to better response to this demand.

(ECF No. 27-1 at 7.)

The information sought regarding telemarketing calls ("Data") falls into two categories,

each of which are discussed below.

### A.   *Pre-November 2021 Data*

The Data was previously stored by IMerchant, which ceased its operations in November

2021 and has evaded Defendant's numerous attempts to subpoena the pre-November 2021 Data.

(ECF No. 28 at 1.)  Defendant states it retained an investigator who is currently attempting to

locate the principal of IMerchant.  With respect to pre-November 2021 Data, Defendant

represents it simply does not have it but has not, to date, provided an affidavit or declaration to

that effect.

Rule 34 requires production of responsive documents "in the responding party's

possession, custody, or control[.]"  Fed. R. Civ. P. 34(a)(1).  Encompassed within this mandate is

the obligation to make efforts to obtain information within its legal reach.  In other words, a party bears the obligation not only to produce responsive documents it actually has possession or custody over, but also those over which the party has the legal right to obtain, even though the records may not be in its current "possession" or "custody."   For example, this includes information that could be obtained because of a business relationship, such as the former business relationship between Defendant and IMerchant here.  *See State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04-CV-2609 (NG) (SMG), 2016 WL 6126309, at *2 (E.D.N.Y. Oct. 20, 2016).  The Court has been apprised of Defendant counsel's arduous efforts to obtain the Pre-November 2021 Data from IMerchant's principal at multiple status conferences.  (*See* ECF No. 14 (Oct. 7, 2022 Status Conference); ECF No.15 (Dec. 20, 2022 Status Conference); ECF No. 16 (Feb. 28, 2023 Status Conference);ECF No. 18 (Apr. 20, 2023 Status Conference);ECF No. 24 (July 21, 2023 Status Conference).)

Defendant states it can provide an affidavit which details the efforts thus far.  (ECF No. 28 at 1.)  Defendant appears to be taking all the steps it can in order to secure the pre-November 2021 Data as it is supposed to, and a brief overview of those efforts is provided at ECF No. 28 at 1-2.  Thus, Defendant is directed to provide a sworn affidavit or declaration explaining that the pre-November 2021 Data is not within its possession, custody or control, and detailing the efforts taken to date to secure that Data.

However, the Court notes that this production has no bearing on the case schedule since the undersigned has previously advised the parties that this case will proceed whether or not that data is subpoenaed, and informed the parties that they should be prepared to proceed without it. (*See, e.g*., ECF No. 14 ("the Court directed the parties to continue discovery"); ECF No. 15 ("After discussion, discovery is to proceed . . ."); ECF No. 18 ("The parties advised that there are

no further updates regarding getting documents from third party vendor and the parties are conferring to schedule depositions."); ECF No. 24 ("This is the final extension of dates and deadlines.").)

**B.** *Post-November 2021 Data*

As to the post-November 21 Data, Defendant states it is stored by Centrix and available. (ECF No. 28 at 1.)  But possession, custody, or control is not Defendant's objection as to that Data.  Instead, with respect to the post-November 2021 Data, Defendant avers that this Data is simply not relevant.  Further, Defendant argues that if the Data is produced, the production should be narrowed in scope to the period between November 2021 and the filing of this action in May 2022.[1]  (*Id.* at 2.)  Plaintiff argues that Defendant waived its objections and that, in any event, the requested Data is indeed relevant.

Plaintiff asserts that Defendant waived its objections to production by failing to assert any in its September 2022 response to RFP 12.  (ECF No. 27 at 1.)  The Court agrees. Defendant's response to RFP 12 The totality of the circumstances leads to the inescapable conclusion that any objections Defendant may have, are now waived.  The decision to deem objections waived for an untimely response falls squarely within the broad discretion afforded to the Court over discovery matters, as does the decision to excuse that failure for good cause.  *See Gesualdi v. Interstate Payroll Co., Inc.*, No. 14-CV-6780, 2016 WL 737909, at *2 (E.D.N.Y. Feb. 22, 2016) ("[T]he Court may, in its discretion, excuse [a party's] delay" in serving timely responses to discovery demands." (quoting *Melendez v. Greiner*, No. 01-CV-7888 (SA) (DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

---

[1] Defendant uses June 2022, but the complaint was filed on May 3, 2022, rather than in June.  (*See* ECF No. 1.)

Defendant has not satisfied the good cause standard to escape the consequence of waiver. It appears Plaintiff only discovered that Defendant indeed has some of the Data, that being the post-November 2021 Data, after Plaintiff conducted Defendant's deposition.  (ECF No. 27-1 at 27–28.)  This begs the questions: was Defendant aware that it had responsive data at the time it served its response and simply failed to produce it, and if not aware, did Defendant meet its continuing obligation to produce the responsive information upon learning of it?  *See* Fed. R. Civ. P. 26(e)(1)) (duty to supplement discovery responses if the response is incomplete and the supplemental information "has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court"); *Neogenix Oncology, Inc. v. Gordon*, No. 14-CV-4427 (JFB) (AKT), 2017 WL 4233028, at *2 (E.D.N.Y. Sept. 22, 2017) ("[A]s new information comes into its possession, the responding party has a continuing duty to supplement their responses.").  Defendant explains neither.

Thus, Defendant will have to produce the data notwithstanding its relevance objection.[2] However, the production shall be limited to outbound telemarking calls up to May 2022. Plaintiff's complaint reflects a proposed class as follows:

> National Do Not Call Registry Class: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) *within the four years prior to the filing of the Complaint*.

(ECF No. 1 ¶ 46 (emphasis added).)

---

[2] Because "[t]he information sought need not be admissible at trial to be discoverable," *Barrett v. City of N.Y.,* 237 F.R.D. 39, 40 (E.D.N.Y. 2006), a direction to produce documents in pre-trial discovery in no way affects the trial judge's consideration of "relevance" or admissibility at trial or in the context of summary judgment.

Plaintiff's proposed class only goes as far as four years prior to the filing of the complaint, which was filed in May 2022.  (ECF No. 1.)  Plaintiff only generally argues that the Data sought is relevant.  (ECF No. 27 at 2.)  But post-May 2022 Data requires a showing of relevance, which Plaintiff does not attempt to make.

Thus, Defendant is directed to produce documents responsive to RFP 12 but limited to outbound telemarketing calls made up to May 2022.

## **CONCLUSION**

Plaintiff's motion to compel (ECF No. 27) is granted.  Consistent with this Order, Defendant is directed to provide Plaintiff with a sworn affidavit, (*supra* II.A) and produce responsive documents (*supra* II.B) on or before **September 28, 2023**.

Dated: Central Islip, New York
      September 22, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*
      JAMES M. WICKS
United States Magistrate Judge

8